# ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-180

JUNE TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| Whalen Goucher | } | |
| | } | DOCKET NOS. 181-2-14/393-3-14 Rdcr |
| | } | |
| | | Trial Judge:  Theresa M. DiMauro |

In the above-entitled cause, the Clerk will enter:

Defendant appeals the trial court's denial of his motion for pretrial home detention.  For the following reasons, I affirm the trial court's decision.

Defendant was arraigned on one count of first-degree aggravated domestic assault under 13 V.S.A. § 1043(a)(2) in February 2014.  He was released on conditions.  In March 2014, defendant was arraigned on four additional charges, including domestic assault under 13 V.S.A. § 1042, operating a vehicle without the owner's consent under 23 V.S.A. § 1094(a), petit larceny under 13 V.S.A. § 2502, and violation of conditions of release under 13 V.S.A. § 7559(e).[1]  At that time, defendant was held on $50,000.00 bail.  On April 3, 2014, defendant filed a motion requesting to be released into the custody of Glenn and David Horgan in Rutland, with whom he had lived with for several months.  The motion was denied.

On April 10, 2014, defendant filed a motion for pretrial home detention pursuant to 13 V.S.A. § 7554b(b).  The court instructed the Department of Corrections (DOC) to evaluate the suitability of the proposed residence, the Horgans, for pretrial home detention.  After an investigation, the DOC approved the residence based on the facts that the Horgans were willing to supervise defendant and that the residence was able to accept GPS monitoring.  A hearing was held on defendant's motion on April 29, 2014, after which the trial court orally denied the motion.

In its decision, the court emphasized that although the DOC found the residence suitable for home detention, § 7554b(b) required the court to consider other specific factors as well.  The court first considered the nature of the offense, noting that defendant is charged with five separate offenses, several of which alleged violent conduct as well as violations of court orders.  In particular, the court emphasized that after the initial charge was filed defendant allegedly

---

[1]  On May 2, 2014, the State filed an amended information, amending the domestic assault charge to first-degree aggravated domestic assault and adding notice of an enhanced penalty under the habitual offender statute, 13 V.S.A. § 11.  The State also filed a motion to increase bail to $150,000, which was granted by the trial court on May 6, 2014.  Defendant does not appeal the increase in bail, only the trial court's denial of home detention.

committed domestic assault and violated his conditions of release by strangling his former girlfriend. A witness to the incident stated that defendant punched and choked her, and the police stated that some of the furniture had been smashed. The court further noted that defendant faced a potential thirty-three-and-a-half years imprisonment if convicted of the pending changes, and that defendant was only one felony away from being charged under the habitual offender statute, potentially subjecting him to life imprisonment. Finally, the court noted that in the interim between the February and March charges, defendant was charged with possession of an illegal weapon in New York.

The court then discussed defendant's criminal history, stating that defendant's contact with the criminal justice system has run "virtually unabated" since he was nineteen, except for the periods that he was in prison. His criminal history includes convictions from several states for aggravated assault, being a fugitive from justice, two armed robberies, and manslaughter, as well as arrests for armed robbery, domestic assault, and rape, among other charges. Since defendant's arrival in Vermont sometime around 2011, he has been convicted of simple assault, giving false information to a police officer, and prohibited acts. The court observed that defendant has been incarcerated around sixteen to eighteen years of his life in several different jurisdictions. The court concluded that defendant's criminal history signals violence and an inability to restrain himself under any supervision less than incarceration, considering his history of consistently returning to committing crimes upon release. Finally, the court noted that defendant has a high risk of flight due to the past fugitive charge; his having committed crimes in numerous jurisdictions, including Florida, California, Massachusetts and New York; and his lack of employment or permanent residence.

Finally, the court found that defendant posed an undue risk to a third party, defendant's former girlfriend, if released, considering his history of violent crimes, his history of violence against her and the fact that he allegedly committed a domestic assault against her in violation of his conditions of release. The court concluded that all three factors articulated in § 7554b(b) weighed against placing defendant into home detention, and denied defendant's motion.

Defendant appeals from the court's order, arguing that the trial court abused its discretion by not giving adequate consideration to defendant's evidence that home detention is appropriate, including testimony and letters from the Horgans and other supporters.

Section 7554b of Title 13 allows court review of a trial court's decision to deny home detention pretrial where defendant is held for more than seven days for lack of bail. 13 V.S.A. § 7554b(b). When determining whether pretrial home detention is appropriate, the court must consider:

> (1) the nature of the offense with which the defendant is charged;

> (2) the defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight; and

> (3) any risk or undue burden to other persons who reside at the proposed residence or risk to third parties or to public safety that may result from such placement.

Id.

We review the trial court's decision for abuse of discretion. State v. Whiteway, 2014 VT 34, ¶ 20 (mem.). We will reverse the court's decision "only where the trial court's discretion was either totally withheld, or exercised on clearly untenable or unreasonable grounds." State v. Messier, 2005 VT 98, ¶ 15, 178 Vt. 412.

The trial court determined defendant was eligible for bail under 13 V.S.A. § 7554,[2] but defendant cannot muster the funds to make bail. In a single-justice unpublished memorandum decision, this Court explained that in this situation "[a]lthough home detention is not itself a condition of release, as it is a condition of confinement subject to DOC supervision, see § 7554b, the broader framework favoring the least restrictive, reasonably effective conditions in § 7554 cases applies to requests for home detention by defendants bailable pursuant to § 7554." State v. Dunn, No. 2014-113, slip op. at 2 (Vt. May 5, 2014) (unpub. single-Justice mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo14-113.pdf.

In deciding that pretrial home detention would not be appropriate here, the trial court thoroughly considered the three factors under § 7554b(b). Regarding the first factor, the court noted the serious nature of the charges against defendant and the long period of imprisonment he faces if convicted. As to the second factor, the court emphasized defendant's exceedingly long criminal history spanning multiple jurisdictions, his inability to cease committing crimes when not in prison, his history of violence, his violation of conditions of release imposed by the court in this case, and his risk of flight given his prior fugitive history, his criminal acts in multiple jurisdictions, and his lack of stable employment or a permanent residence. Regarding the third factor, the court found that defendant posed an unacceptable risk of harm to the complainant in this case. His initial charges were based on alleged physical violence against her, and he is alleged to have further harmed her while on conditions of release.

I am cognizant that "[t]he Legislature enacted the home-detention statute to expand, not limit, the use of alternative custody arrangements in a bid to reduce jail occupancy." State v. Merriam, No. 2012-263, 2012 WL 5974081, at *3 (Vt. Sept. 6, 2012) (unpub. single-Justice mem.); see also Whiteway, 2014 VT 34, ¶¶ 16-18. Nevertheless, the trial court grounded its denial of defendant's motion on its thorough consideration of the § 7554b factors, and its decision was not an abuse of discretion.

Affirmed.

FOR THE COURT:

_____
Paul L. Reiber, Chief Justice

---

[2] Unlike the hearing on the motion for pretrial home detention, defendant now faces life in prison if convicted as a habitual offender, thus potentially placing him under § 7553, with the result that "the presumption is switched so that the norm is incarceration and not release." See State v. Blackmer, 160 Vt. 451, 458 (1993). Because the State did not move to revoke bail and the trial merely raised the amount of bail, however, I consider defendant to be bailable and evaluate his motion under § 7554.